# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

NORRIS WILLIAMSON, )
)
       Plaintiffs, )
) Case No. 18-CV-43-JED-JFJ
v. )
)
BILLINGSLEY AUCTION SALE, )
)
       Defendant. )

## OPINION AND ORDER

Before the Court is plaintiff's Complaint (Doc. 1), filed in forma pauperis. The plaintiff, proceeding pro se, has filed numerous lawsuits in this Court relating to allegations of perceived unfair treatment or alleged racial and spiritual discrimination. Shortly after plaintiff initiated this suit, Chief Judge Gregory K. Frizzell entered an order imposing filing restrictions on plaintiff because of his "abusive practice" in this District. (*See* Case No. 18-CV-2-GKF-JFJ, Doc. 6).

Plaintiff sues Billingsley Auction Sale, a citizen of Senatobia, Mississippi. In a separate case he filed against the alleged principals of Billingsley Auction Sale (Travis Billingsley and Neal Billingsley), plaintiff's factual allegations are identical to those he asserts in this case. (Compare Doc. 1 in Case No. 18-CV-42-GKF to Doc. 1 in this case). Judge Frizzell dismissed the other action because the plaintiff there did not identify any basis for subject matter jurisdiction and had not in any event stated a cognizable claim for relief. (Doc. 5 in Case No. 18-CV-42-GKF). Here, plaintiff asserts that jurisdiction is based upon the following:

> "Violation of Civil Rights By vaig word and action By taking of other's Jurisprudence of Jurisdictional in life."

(Doc. 1 [in original form, without correction]).

According to plaintiff, the nature of this case involves a "Conspiracy to Discriminate." (*Id.*). His allegations include disjointed assertions that, in the early part of the 2000's, he was working at a stockyard in Mississippi, when he noticed "Ricky" point to plaintiff and say "that's the anointed right there." (*Id.* at 3). Plaintiff left the stockyard for employment in Memphis, Tennessee, after getting out of prison. He was living at a mission, when his "life was lighted up with [his] vision," in which he "could see Travis Billingsley looking at the contractor" and he heard him say a racial slur in referring to the plaintiff, while asking a contractor not to give the plaintiff a raise. (*Id.*). Mr. Billingsley allegedly used horrible racial slurs to refer to plaintiff. (*Id.*). "Later on in life [plaintiff] realize[d] that [Travis Billingsley] was running behind [plaintiff], getting [plaintiff] fired from different Jobs," and "Others conspired with him that was colored that work for him in conspiring agains[t] plaintiff." (*Id.*). Plaintiff now sees Billingsley and others "coming behind [plaintiff] at the casinos," and plaintiff "was stripped of spirit and spirits, laughed at, and mocked" by Billingsley and plaintiff's own family. (*Id.*). Plaintiff also "felt the presence of [his] spritual [sic] to physical body being raped." (*Id.*). Finally, plaintiff alleges:

> Travis took off people [sic] spiritual heads and put them in a bull pen. Where I saw my own head. He had hid in the stockyard. I believe that. Him and Borack [sic] Obama conspired together that if he paid Travis to keep me on the street and in Mission Shelter's [sic] they could take anointed presidential presidency out of my physical and spiritual body.

(*Id.* at 4).

Plaintiff commenced this action in forma pauperis pursuant to 28 U.S.C. § 1915. In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*

To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed in forma pauperis where the action is frivolous or malicious, or the plaintiff has failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Construing the plaintiff's allegations broadly, the plaintiff's Complaint is focused on recent allegations that Mr. Billingsley (and plaintiff's family members) have continued to follow plaintiff into casinos and/or mock him. Allegations of mocking or spiritual damage caused by private citizens do not state a claim under federal law and would not provide a basis for this Court's exercise of federal question jurisdiction. To the extent that plaintiff is attempting to assert some form of state law tort claim, any such claim likewise fails because he seeks damages of $10,000, which is insufficient to support the Court's exercise of diversity jurisdiction. *See* 28 U.S.C. § 1332.

Plaintiff asserts a conspiracy to discriminate against and follow the plaintiff, which began with Mr. Billingsley in the "early part of the 2000's" in Mississippi and continued with others, including the plaintiff's own family, following him into casinos in Oklahoma. Other judges of this Court have dismissed plaintiff's similar allegations of violations of religious belief and stalking from Senatobia, Mississippi to Tulsa, Oklahoma, and references to occurrences at casinos. (*See* Case Nos. 18-CV-1-TCK-FHM, Doc. 3; 18-CV-5-CVE-FHM, Doc. 1; 18-CV-17-TCK-JFJ, Doc. 1). Federal law does not provide a claim to relief or exercise of subject matter jurisdiction for alleged "Violation of Civil Rights By vaig [sic] word and action By taking of other's Jurisprudence of Jurisdictional in life." (Doc. 1). To the extent that plaintiff generally alleges racial slurs when he was employed in the early 2000's, his factual allegations do not state any plausible employment discrimination claim. His allegations establish that he has not been employed by the defendant for several years.

IT IS THEREFORE ORDERED that plaintiff's Complaint is dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a plausible claim upon which relief can be granted. A separate judgment of dismissal will be entered.

ORDERED this 13th day of February, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE